FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br><br>(Court Use Only) |
|---|---|
| **PLAINTIFF**<br>Janice G. Marsh, Trustee<br>Janice G. Marsh, LLC<br>446 Main Street, 19th Floor<br>Worcester, MA 01608<br>Telephone 508-797-5500<br>janicemarsh1@gmail.com | **DEFENDANT**<br>John W. Tracy |
| **ATTORNEY** (Firm Name, Address and Telephone No.)<br>Janice G. Marsh<br>Janice G. Marsh, LLC<br>446 Main Street, 19th Floor<br>Worcester, MA 01608<br>Telephone 508-797-5500<br>janicemarsh1@gmail.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ US Trustee<br>☐ Creditor   ☐ Other<br>X Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ US Trustee<br>☐ Creditor   X Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) Avoidance of fraudulent transfers ||
| **NATURE OF SUIT**<br>(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause of action as 2, second alternative cause of action as 3, etc.) ||
| FRBP 7001(1) – Recovery of Money/Property<br><br>☐ 11 – Recovery of money/property - § 542 turnover of property<br>☐ 12 – Recovery of money/property - § 547 preference<br>1 13 – Recovery of money/property - § 548 fraudulent transfer<br>☐ 14 – Recovery of money/property – other<br><br>FRBP 7001(2) – Validity, Priority or Extent of Lien<br><br>☐ 21 – Validity, priority or extent of lien or other interest in property<br><br>FRBP 7001(3) – Approval of Sale of Property<br><br>☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h)<br><br>FRBP 7001(4) – Objection/Revocation of Discharge<br><br>☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e) | ☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny<br>☐ 61 – Dischargeability - § 523(a)(5), domestic support<br>☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury<br>☐ 63 – Dischargeability - § 523(a)(8), student loan<br>☐ 64 – Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65 – Dischargeability – other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71 – Injunctive relief – reinstatement of stay<br>☐ 72 – Injunctive relief – other<br><br>FRBP 7001(8) Subordination of Claim or Interest<br><br>☐ 81 – Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91 – Declaratory judgment |

| | |
|---|---|
| FRBP 7001(5) – Revocation of Confirmation<br>☐ 51 – Revocation of confirmation | FRBP 7001(10) Determination of Removed Action<br>☐ 01 – Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66 – Dischargeability - § 523(a)(1), (14), (14A), priority tax claims<br>☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud | **Other**<br>☐ SS-SIPA Case – 15 U.S.C. § 78aaa *et seq.*<br>☐ 02 – Other (e.g., other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand<br>$36,000.00 |

| Other Relief Sought |
|---|

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>J & J Developers, LLC | BANKRUPTCY CASE NO.<br>15-41387 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISIONAL OFFICE<br>Central | NAME OF JUDGE<br><br>Christopher J. Panos |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| DATE<br>July 19, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  /s/ Janice G. Marsh |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:  J & J Developers, LLC                    Chapter 7, Case No. 15-41387-CJP

    Janice G. Marsh, Trustee,
        Plaintiff,

    v.                                              Adv. Proc. No. 17-

    John W. Tracy,
        Defendant

## COMPLAINT

1. The court has jurisdiction pursuant to 28 U.S.C. sections 157 and 1334.

2. The plaintiff and the defendant consent to entry of final orders or judgments by the bankruptcy judge in this proceeding.

3. Janice G. Marsh is the trustee and plaintiff of the above-captioned bankruptcy estate.

4. The defendant John W. Tracy is an individual who resides at 22 Joshua Lane, Epping, NH 03042.

5. On April 13, 2007, the debtor, J & J Developers, LLC, was organized in Massachusetts.

6. Upon informant and belief, the defendant and James N. Alden, Jr. organized the debtor, and they were the 50/50 managers and partners from the date of the organization of the debtor until the dissolution of the debtor.

7. On March 27, 2009, Lynne Black and Jose A. Nunes, wife and husband ("Black and Nunes"), filed a lawsuit in Essex Superior Court, case no. 0977CV00574, against the debtor for alleged breach of contract arising from a construction dispute.

8. On May 30, 2012, an arbitrator awarded Black and Nunes the sum of $56,794.62 for damages, plus interest and costs, against the debtor.

9. The debtor made the following transfer, drawn on and paid from, the debtor's bank account at Beverly Cooperative Bank, ending 8204:

    a. Check no. 2861, dated May 23, 2011, and paid on June 1, 2011, $25,000.00 ("Transfer 1"); and
    b. Check no. 3402, dated September 4, 2012, and paid on September 6, 2012, $11,000.00 ("Transfer 2").

10. When the debtor made Transfer 1 and Transfer 2, the debtor owed at least one creditor.

11. On July 20, 2015, the debtor commenced this case.

12. At all relevant times, the defendant was an insider as that term is defined under 11 U.S.C. section 101(31).

Count 1
Avoidance and Recovery of Fraudulent Transfers
M.G.L. Chapter 109A and 11 U.S.C. Section 544

13. The trustee repeats and re-asserts the allegations contained in the preceding paragraphs and incorporates them by reference.

14. The debtor made Transfer 1 and Transfer 2 with actual intent to hinder, delay or defraud a creditor of the debtor. Mass. Gen. Laws ch. 109A § 5(a)(1).

15. The debtor made Transfer 1 and Transfer 2 without receiving a reasonably equivalent value in exchange for each transfer. Mass. Gen. Laws ch. 109A § 5(a)(2).

16. The debtor intended to incur, or believed or reasonably should have believed, that the debtor would incur debts beyond the debtor's ability to pay as they became due. Mass. Gen. Laws ch. 109A § 5(a)(2)(ii).

17. The debtor made Transfer 1 and Transfer 2 without receiving a reasonably equivalent value in exchange for the transfers and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfers. Mass. Gen. Laws ch. 109A § 6(a).

18. The debtor made Transfer 1 and Transfer 2 to an insider for an antecedent debt, the debtor was insolvent at that time and the insider had reasonable cause to believe that the debtor was insolvent. Mass. Gen. Laws ch. 109A § 6(b).

WHEREFORE, Janice G. Marsh, the trustee and plaintiff, requests the court

A. determine that Transfer 1 and Transfer 2 to or for the benefit of the defendant John W. Tracy were fraudulent;

B. avoid both transfers;

C. grant the trustee a judgment in the amount of at least $36,000.00, plus interest, against the defendant so that she may recover the property or its value; and

D. grant all other relief to which the trustee is entitled.

Count II
Avoidance and Recovery of Fraudulent Transfer

11 U.S.C. Section 548

19. The trustee repeats and re-asserts the allegations contained in the preceding paragraphs and incorporates them by reference.

20. The debtor made Transfer 2 on or within two years before the date of the filing of the petition. 11 U.S.C. § 548(a)(1).

21. The debtor made Transfer 2 with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that the transfer was made, indebted. 11 U.S.C. § 548(a)(1)(A).

22. The debtor received less than a reasonably equivalent value in exchange for Transfer 2. 11 U.S.C. § 548(a)(1)(B)(i).

23. The debtor was insolvent on the date that Transfer 2 was made, or became insolvent as a result of the transfer. 11 U.S.C. § 548(a)(1)(B)(ii)(I).

24. The debtor intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured. 11 U.S.C. § 548(a)(1)(B)(ii)(III).

WHEREFORE, Janice G. Marsh, the trustee and plaintiff, requests the court

A. determine that Transfer 2 to or for the benefit of the defendant John W. Tracy was fraudulent;

B. avoid the transfer;

C. grant the trustee a judgment in the amount of at least $11,000.00, plus interest, against the defendant so that she may recover the property or its value; and

D. grant all other relief to which the trustee is entitled.

Respectfully Submitted,

/s/ Janice G. Marsh
Janice G. Marsh, Trustee
Janice G. Marsh, LLC
446 Main Street, 19th Floor
Worcester, MA 01608
Telephone 508-797-5500
janicemarsh1@gmail.com
BBO No. 638575